UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AARON NABER and MARCI NABER,

                            Plaintiffs,

          v.

FIRST AMERICAN TITLE INSURANCE
AGENCY, INC., FIRST AMERICAN TITLE
INSURANCE COMPANY, and ABAR
ABSTRACT CORPORATION,

                           Defendants.

_____

DECISION AND ORDER

22-CV-6166-CJS-MJP

## INTRODUCTION

**Pedersen, M.J.** Aaron Naber and Marci Naber ("Plaintiffs") commenced this action on March 2, 2022, against defendants First American Title Insurance Agency, Inc. ("FATIA") and First American Title Insurance Company ("FATIC") in Supreme Court of Steuben County, State of New York. Defendant FATIC removed this case to the Western District of New York on April 7, 2022, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Presently before the Court is a motion on behalf of Plaintiffs to remand this matter to state court pursuant to 28 U.S.C. § 1447(c) and for costs and actual expenses, including attorneys' fees, incurred as a result of the alleged improper removal. The Honorable Charles J. Siragusa referred this motion to the undersigned for disposition based upon the parties' joint consent that the motion be decided by a United States Magistrate Judge. (ECF No. 19.)

1

## BACKGROUND

Plaintiffs filed a verified complaint against FATIC and FATIA in Supreme Court of Steuben County, State of New York on March 2, 2022. (Maggs Decl. at ¶ 3 & Ex. A, ECF No. 9-1.) Plaintiffs alleged two causes of action involving breach of contract relating to title insurance obtained for property they purchased in the County of Steuben. (*Id.* at Ex. A, ¶¶ 34–45.) The verified complaint provides that FATIC "is a Nebraska Corporation, with a mailing address of c/o First American Financial Corporation 1 First American Way, Santa Ana, California, 92707." (*Id.* at ¶ 7.) It further provides that FATIA "is a New York Domestic Corporation with a mailing address of 101-15 Lefferts Blvd., Suite 208, S. Richmond Hill, New York 11419." (*Id.* at ¶ 6.)

FATIC timely removed this case to the Western District of New York on April 7, 2022, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Not. of Removal, ECF No. 1.) In particular, FATIC asserted that there existed a "complete diversity of citizenship among the properly joined parties to this litigation" and that "the amount in controversy exceeded $75,000." (*Id.* at ¶ 6.) FATIC also alleged that it received a copy of the complaint on March 9, 2022, but that it had not been served. (*Id.* at ¶ 3) FATIC further alleged that at the time of removal, there was no evidence that co-defendant FATIA had been served with the verified complaint. (*Id.* at ¶ 13.)

After FATIC removed the case to this Court, Plaintiffs filed an amended complaint in which it added defendant Abar Abstract Corporation ("Abar"). (Am.

Compl., ECF No. 5.)[1] Plaintiffs provide that "Abar Abstract Corporation (hereinafter "Defendant") is a New York Domestic Corporation, with a mailing address of 2541 Monroe Ave., Rochester, New York, 14618." (*Id.* ¶ 8.) The two breach of contract claims asserted in the amended complaint are identical to those asserted in the initial verified complaint.

Plaintiffs made the present motion to remand this matter to state court pursuant to 28 U.S.C. § 1447(c) on April 29, 2022. (ECF No. 9.) Plaintiffs also seek costs and actual expenses, including attorneys' fees, incurred as a result of removal. (Pls.' Not. of Mot., ECF No. 9.)

### STANDARD OF LAW

"Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011) (citing *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d. Cir. 2009). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Id.* (citing *Hallingby*, 574 F.3d at 56); *see Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995) ("It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity'—that is, that it does not share citizenship with any defendant.") (citations omitted). "A person's citizenship for purposes of diversity is based upon his domicile." *Ceglia*, 772 F. Supp.

---

[1] Plaintiffs also changed the name of FATIA in the caption to read "First American Title Agency, Inc." (*Id.*) In the initial complaint Plaintiffs named that defendant "First American Title Insurance Agency, Inc." The Court will continue to refer to that defendant as "FATIA."

2d at 455. "For purposes of determining diversity, 28 U.S.C. § 1332(c) provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Sty–Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000).

Pursuant to 28 U.S.C. § 1447(c), federal courts are authorized to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). "[T]he burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 420 (W.D.N.Y. 2022) (citation omitted). Further, "on a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Id.* (citations omitted). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n. 2 (2d Cir. 2003). In other words, the allegations in the complaint or other initiating pleading are critical to the proper evaluation of any attempt to remove an action.

"Removal jurisdiction must be strictly construed, both because federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litigation*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996); *New York v. Lutheran Ctr. for the Aging, Inc.*, 957 F. Supp. 393, 397 (E.D.N.Y. 1997) ("Removal statutes are to be strictly construed.");

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (citations omitted) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

## ANALYSIS

Plaintiffs assert that remand is appropriate because the parties lack complete diversity. (Pls.' Mem. of Law at 1, ECF No. 9-12.) In response, FATIC alleges that the Court has subject matter jurisdiction because there was complete diversity at the time of removal and the amount in controversy exceeded $75,000 as required for removal under 28 U.S.C. § 1441. (FATIC's Resp. at 2–3, ECF No. 16[2].) In addition, FATIC contends that Plaintiffs only named defendants FATIA and Abar to destroy diversity jurisdiction and that Plaintiffs have no cognizable breach of contract claim against either of those defendants. (*Id*. at 3–4.)

---

[2] On June 17, 2022, FATIC filed a memorandum in opposition to Plaintiffs' motion to remand, which is 39 pages in length and included an Exhibit A, which is a copy of First American Title Owner's Policy, and an Exhibit B, which is Plaintiffs' summons and verified complaint, filed on or about March 2, 2022. (ECF No. 15.) On July 5, 2022, FATIC filed a "Corrected" memorandum in opposition to Plaintiffs' motion to remand, which is 12 pages in length and does not include any exhibits. (ECF No. 16.) However, within the body of the corrected memorandum Defendants refer to the Amended Complaint citing to "Ex. 'A'". (FATIC's Resp. at 1, ECF No. 16.) While there is no Exhibit A attached to Defendants' corrected memorandum, the Court presumes that Defendants are referring to Plaintiff's amended complaint, which is docketed at ECF No. 5. Defendants also refer to an "Ex. 'B'" in their corrected memorandum, explaining that it is the "title insurance policy that Plaintiffs attached to the Complaint, between FATIC and Plaintiffs." (*Id*. at 2.) Again, there is no Exhibit B attached to the corrected memorandum. The Court will look to Exhibit A of the amended complaint, which it believes is the policy referred to by FATIC. (*See* Am. Compl. at Ex. A, ECF No. 5-1.)

*Complete diversity did not exist at the time of removal.*

It appears that FATIC misunderstands the relationship between 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Complete diversity between all plaintiffs and all defendants is required for federal jurisdiction under 28 U.S.C. § 1332. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Even where complete diversity exists, however, removal under § 1441(b) is not appropriate where there is a home-state defendant—that is, a defendant who resides in the forum state. 28 U.S.C. § 1441(b) (the "home-state rule"). There is an exception to the home-state rule, in the text of § 1441(b) itself, for when the home-state defendant has not yet been served. In other words, where there is complete diversity and an unserved home-state defendant, the case can be removed. But that is an exception to the § 1441(b) home-state rule, not to the requirement of complete diversity for jurisdiction under § 1332. While there is an exception for unserved, home-state defendants that might allow for removal under § 1441(b), there is no parallel exception for unserved, home-state defendants that allows federal diversity jurisdiction under 28 U.S.C. § 1332.

Here, the verified complaint alleges that Plaintiffs were domiciled in New York. It provides that FATIC was a Nebraska corporation with a principle place of business in California. However, it also provides that FATIA is a New York domestic corporation with a mailing address located in Richmond Hill, New York. In other words, there was never complete diversity to begin with.

Thus, where, as here, there is no complete diversity, the fact that the home-state defendant has yet to be served is irrelevant, which would render removal

improper. *See Galiano Constr. Custom Builder, LLC v. Brandon Sample*, No. 20-CV-106 (GWC), 2020 WL 8093522, at *2 (D. Vt. Oct. 22, 2020) ("[T]he doctrine of 'snap removal' has no effect on the independent jurisdictional requirement that a removed case could have been filed originally in federal court."); *CAV Farms, Inc. v. Nicholas*, No. 19-CV-6088 (CJS), 2019 WL 1438776, at *4 (W.D.N.Y. Apr. 1, 2019) ("[R]egardless of the forum defendant rule, an action may not be removed on the basis of diversity jurisdiction if a non-diverse defendant is named in the complaint, even if that defendant has not yet been served."); *Kenneson v. Johnson & Johnson, Inc.,* No. 14-CV-01184 (MPS), 2015 WL 1867768, at *4 (D. Conn. Apr. 23, 2015) ("[A] plaintiff's failure to serve process on a diversity-defeating defendant in state court generally does not permit the other defendants to remove the case to federal court on the basis of diversity, which remains the prevailing view in the federal courts despite . . . changes to the removal statute."). Accordingly, because complete diversity did not exist at the time of removal, it would appear that remand is appropriate. However, FATIC has alleged that remand is not proper because Plaintiffs fraudulently joined the entities that destroyed diversity. As such, the Court must engage in an analysis of whether FATIA and Abar were fraudulently joined.

### Defendants' opposition to remand due to alleged fraudulent joinder.

In objecting to remand, FATIC alleges that Plaintiffs engaged in fraudulent joinder to defeat diversity by including FATIA and Abar as defendants. "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the

controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998).

"Fraudulent joinder is a legal term of art [used] to refer to the joinder of unnecessary

or nominal parties in order to defeat federal jurisdiction." *Kuperstein v. Hoffman–

Laroche, Inc.*, 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (citation omitted).

> In order to show that naming a non-diverse defendant is a "fraudulent
> joinder" effected to defeat diversity, the defendant must demonstrate, by
> clear and convincing evidence, either that there has been outright fraud
> committed in the plaintiff's pleadings, or that there is no possibility,
> based on the pleadings, that a plaintiff can state a cause of action
> against the non-diverse defendant in state court.

*Pampillonia*, 138 F.3d at 461. "'The defendant seeking removal bears a heavy burden

of proving fraudulent joinder' by clear and convincing evidence." *Benihana of Tokyo,

LLC v. Angelo, Gordon & Co., L.P.*, 712 F. App'x 85, 86 (2d Cir. 2018) (summary order)

(citing *Pampillonia*, 138 F.3d at 460–61.

"The question whether a non-diverse party has been joined improperly is one

of federal law." *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp. 2d 272, 279 (S.D.N.Y.

2001) (citation omitted). "However, this only means that federal law governs the

question of a how a court should determine whether joinder is fraudulent, but not

that federal law determines whether there has been fraudulent joinder." *Fed. Ins. Co.

v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 381 (S.D.N.Y. 2006). "[T]he test of whether or

not there has been fraudulent joinder is uniformly whether the plaintiff can establish

a claim under state, not federal law." *MBIA Ins. Corp. v. Royal Bank of Ca.*, 706 F.

Supp. 2d 380, 393 (S.D.N.Y. 2009) (quotations and citations omitted); *Audi of

Smithtown, Inc. v. Volkswagen of Am., Inc.*, No. 08-CV-1773 (JFB) (AKT), 2009 WL

385541, at *5 n.2 (E.D.N.Y. Feb. 11, 2009) ("[W]here the issue is fraudulent joinder,

8

the [c]ourt looks to state law in order to determine the nature of [the defendant's] interest in this litigation for jurisdictional purposes at the time of removal."). "The issue is not whether the plaintiff is likely to prevail against the non-diverse defendant, but whether the pleading sets forth any possible claim under state law." *Stewart v. Raymond Corp.*, 587 F. Supp. 2d 572, 575 (E.D.N.Y. 2008).

"The applicable test is whether diversity jurisdiction existed when the removal petition was filed, not . . . whether it exists at the time the federal court is considering the motion to remand." *Vasura v. Acands*, 84 F. Supp. 2d 531, 536 (S.D.N.Y. 2000); *MBIA Ins. Corp.*, 706 F. Supp. 2d at 395 (quotations and citation omitted) ("[I]n considering a motion to remand where the issue of fraudulent joinder has been raised, the court examines the pleadings at the time the case was removed to determine whether a cause of action has been pleaded against the non-diverse defendant."). "If the removal was not proper in the first instance, the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise." *Vasura*, 84 F. Supp. 2d at 536 (citing *Jackson v. Allen*, 132 U.S. 27, 34 (1889) (where no diversity existed at time of removal, state court jurisdiction was not divested and case was remanded)). "Moreover, because this is a jurisdictional inquiry, the Court may look beyond the face of the complaint to affidavits and exhibits when deciding whether to remand." *Knowyourmeme.com Network v. Nizri*, No. 20CV9869GBDJLC, 2021 WL 3855490, at *5 (S.D.N.Y. Aug. 30, 2021), *report and recommendation adopted*, No. 20CIV9869GBDJLC, 2021 WL 4441523 (S.D.N.Y. Sept. 28, 2021),

*reconsideration denied*, No. 20CIV9869GBDJLC, 2022 WL 2133917 (S.D.N.Y. June 14, 2022) (internal quotations, alternations, and citations omitted).

"[W]here a complaint names as a defendant a non-diverse party against whom no claim is asserted nor from whom no relief is requested, the non-diverse party has been fraudulently joined and can be disregarded as misjoined for purposes of establishing diversity jurisdiction." *County of Niagara v. Liberty Mut. Ins. Co.*, No. 14-CV-00737A(F), 2016 WL 2997903, at *4 (W.D.N.Y. May 24, 2016) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)), *report and recommendation adopted sub nom. Niagara v. Netherlands Ins. Co.*, No. 14-CV-737A, 2016 WL 3280367 (W.D.N.Y. June 15, 2016).

Here, in the original verified complaint, Plaintiffs asserted two causes of action for breach of contract against FATIC and FATIA.[3] Under New York law, "[t]he essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" *Wilsey v. 7203 Rawson Rd., LLC*, 204 A.D.3d 1497, 1498, 168 N.Y.S.3d 198, 200–01 (2022) (citation omitted). In the verified complaint, after providing the entity information and addresses for FATIA and FATIC, Plaintiffs collectively refer to them as "Defendants" and assert that "Plaintiffs obtained title insurance for the Property

---

[3] As indicated above, the applicable inquiry is whether there was fraudulent joinder at the time of removal. *Vasura*, 84 F. Supp. 2d at 536. Abar was not added as a party by Plaintiffs until they filed the amended complaint *after* the case had already been removed to this Court. For this reason, the Court denies FATIC's motion for fraudulent joinder to the extent it asserts that claim in connection with Abar.

through Defendants on October 28, 2019 in the amount of $460,000.00 (Title Insurance Policy is annexed as Exhibit A." (Not. of Removal at Ex. A, Verified Compl. at ¶ 9, ECF No. 1.) A review of the title insurance policy annexed to the verified complaint reveals that FATIC is listed at the top of the policy under the "issued by" section. (*Id.* at Ex. A, ECF No. 5-1.)[4] Under the section titled "Covered Risks," the policy also provides: "SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B, AND THE CONDITIONS, **FIRST AMERICAN TITLE INSURANCE COMPANY,** a Nebraska corporation (the "Company") insures . . . ." (*Id.*) (emphasis in original). The "Company" is thereafter referenced several times in the policy. Nowhere in the policy can the Court find any mention of FATIA. The Court also did not find any reference to FATIA in the verified complaint or the exhibits thereto, apart from its address. The only information provided to the Court regarding any explanation regarding FATIA's potential involvement in this matter is found in Plaintiffs' counsel's declaration in support of the motion to remand in which counsel states "[u]pon information and belief, First American Title Agency, Inc. is a subsidiary of First American Title Insurance Company, the parent company of First American Title Agency, Inc." (Maggs Decl. at ¶ 9, ECF No. 9-1.) Plaintiffs have not provided any evidence that there existed any contract between them and FATIA. Accordingly, there is no need to address the other elements of a breach of contract claim under

---

[4] On the same page of the title insurance policy in the section beginning "In Witness Whereof . . .," there is another section labeled "Issued By," this time listing defendant Abar Abstract Corporation." (Not. of Removal Ex. A, ECF No. 5-1.)

New York law. Based on the forgoing, the Court finds that FATIC has demonstrated, by clear and convincing evidence, that Plaintiffs' pleading fails to set forth any possible claim against FATIA under state law.

Accordingly, pursuant to Rule 21 of the Federal Rules of Civil Procedure, FATIA is dismissed from this action. *See* Fed. R. Civ. P. 21; *County of Niagara v. Liberty Mut. Ins. Co.*, No. 14-CV-00737A(F), 2016 WL 2997903, at *4 (W.D.N.Y. May 24, 2016) ("Plaintiff's failure to assert any claim against [two defendants] also supports the dismissal of both of the[ ] [d]efendants for misjoinder under Fed. R. Civ. P. 21.").

### Joinder of Abar as defendant after removal.

Section 1447(e) of Title 28 of the United States Code provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 USC § 1447(e).[5] Courts in the Second Circuit generally apply a two-part test when deciding whether to permit diversity-destroying joinder. *See Barber v. Somal Logistics Ltd.*, 20-CV-854, 2021 WL 2159646, at *2 (W.D.N.Y. May 27, 2021). First, joinder must satisfy Rule 20 of the Federal Rules of

---

[5] Plaintiffs did not "seek leave" to amend their complaint in this matter. Instead, Plaintiffs amended their complaint "as of course" under Rule 15(a)(1), for which leave of court is not required. Fed. R. Civ. P. 15(a)(1). The Report and Recommendation in the case of *Buffalo State Alumni Assoc., Inc. v. Cincinnati Ins. Co.*, 251 F. Supp. 3d 566, 571 (W.D.N.Y. 2017) concluded that "28 U.S.C. § 1447(e) cannot apply to defeat joinder of a party by amendment under Rule 15(a)(1), since the court has no discretion to deny a timely amendment made as a matter of course," and found that remand was warranted under the facts of that case. *Id.* (internal quotations and citations omitted). However, the district court judge, while agreeing with the ultimate decision to remand, engaged in the analysis provided by 28 U.S.C. § 1447(e) despite the fact that the plaintiff amended as a matter of course. *Id.* at 569.

Civil Procedure, which permits joinder of multiple defendants in one action if "any right to relief is asserted against [the defendants] . . . arising out of the same [ ] occurrence and [if] any question of law or fact common to all defendants will arise in the same action." Fed. R. Civ. P. 20(a)(2). "In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *McGrath v. Indus. Waste Techs.*, No. 20 CIV. 2858 (KPF), 2021 WL 791537, at *5 (S.D.N.Y. Feb. 26, 2021). Second, courts in this Circuit employ a "fundamental fairness" analysis to determine whether the balancing of certain factors "weighs in favor of joinder and its necessarily attendant remand." *McGee v. State Farm Mut. Auto Ins. Co.*, 684 F. Supp. 2d 258, 262 (E.D.N.Y. 2009). To accomplish this, the Court must analyze the following: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendants; (3) likelihood of multiple litigations; and (4) plaintiff's motivation for the amendment. *Wilson-Abrams v. Magezi*, No. 1:20-CV-01717, 2021 WL 4962100, at *4 (W.D.N.Y. Oct. 26, 2021.) Generally, the fourth factor is the most significant in this analysis. *McGrath*, 2021 WL 791537, at *4.

With respect to the first part of the Second Circuit's test, FATIC contends that Plaintiffs added Abar as a defendant "to defeat diversity jurisdiction as Plaintiffs have no colorable breach of contract claims against" Abar. (FATIC's Resp. at 2, ECF No. 16.) A search of the insurance policy attached to the amended complaint reveals that Abar is listed on the first page under a section titled "Issued By." (Am. Compl. at Ex. A, ECF No. 5-1.) Further, during oral argument, Plaintiffs' counsel asserted

that Plaintiffs purchased the insurance policy directly from Abar. However, in reading the amended complaint as a whole, including the policy, which is attached at Exhibit A, it does not assert a breach of contract claim against Abar. Even if the Court considers Plaintiffs' representation that Abar sold Plaintiffs the insurance policy, there is no evidence that any contract existed between Plaintiffs and Abar, let alone that Abar breached any such contract. In other words, it cannot be said that the relief sought by Plaintiffs arises out of the same occurrences or involves common questions of law or fact and, accordingly, joinder of Abar is not proper under F.R.C.P. 20. Given this determination, the Court need not proceed to the second part of the test for diversity-destroying joinder.

Based on the forgoing, the Court finds that Plaintiffs' joinder of Abar was not proper and dismisses it as a defendant in this action. As complete diversity now exists between Plaintiffs and FATIC, the Court denies Plaintiffs' motion to remand.

### *Plaintiffs' Request for Award of Attorneys' Fees and Costs.*

Plaintiffs request an award of attorneys' fees and costs incurred in connection with this motion. (Not. of Mot., ECF No. 9.) Federal law authorizes the Court to impose an award for attorneys' fees and costs upon remand. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). A court may award such fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

The Court finds that Defendants possessed an objective basis for removal for the reasons explained above and that remand is not appropriate. Accordingly, the Court denies Plaintiffs' request for attorneys' fees and costs.

## CONCLUSION

Based upon the forgoing, the Court denies Plaintiffs' motion to remand (ECF No. 9), Rule 20 determinations, and request for attorneys' fees and costs. The Clerk of the Court is directed to terminate Defendants First American Title Insurance Agency, Inc. and Abar Abstract Corporation.

**SO ORDERED**.

DATED:   November 9, 2022
          Rochester, New York

 

MARK W. PEDERSEN
United States Magistrate Judge